IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD N. LYNN, JR.,**

    **Petitioner,**

    v.                                   **CASE NO. 2:07-cv-1157**
                                                    **JUDGE HOLSCHUH**
**MARC DANN, Warden,**                **MAGISTRATE JUDGE KEMP**

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted**.**  Alternatively, petitioner may delete his unexhausted claim from the petition and proceed on his remaining exhausted claim.  Petitioner's requests for an evidentiary hearing and for the appointment of counsel are **DENIED**.

According to the petition, petitioner challenges his September 13, 2006, convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on two counts of aggravated trafficking in drugs and one count of permitting drug abuse.  On October 23, 2006, the trial court sentenced petitioner to three years incarceration.  Petitioner never filed an appeal; however, on April 15, 2007, he filed a petition for post conviction relief in the state trial court.  He asserted the ineffective assistance of counsel because his attorney promised him he would receive a two-year sentence and due to his attorney's failure to object to a violation of Ohio's statute on allied offenses. *See Exhibit A to Petition.*  On July 17, 2007, the trial court denied the petition.  *Exhibits to Petition.*

Petitioner filed an appeal; however, on September 12, 2007, the appellate court dismissed the appeal for failure to prosecute. *See id.* Petitioner indicates that the Ohio Supreme Court dismissed his subsequent appeal. *Petition*, at 12.

On November 8, 2007, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Violation of 28 U.S.C.2254(d)(2) – Ineffective assistance of counsel.
>
> 2. Violation of 28 U.S.C.2254(d)(1) – Ineffective assistance of counsel.

## EXHAUSTION

Petitioner asserts the ineffective assistance of counsel because his attorney promised him he would receive a sentence of two years and failed to object to imposition of sentence as a violation of Ohio's statute on allied offenses. Petitioner's claim that his attorney failed to object to imposition of sentence as a violation of state law is readily apparent from the face of the record, and therefore such claim should have been raised on direct appeal, but was not. Further, petitioner still may file a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). Thus, the claim is unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative

state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v.Rees,* 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Additionally, it does not appear that a stay of proceedings pending petitioner's exhaustion of state remedies is appropriate in this case.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber,* 544 U.S. 269, 277-78 (2005). The record does not reflect that petitioner can meet this standard here.

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, petitioner may delete his unexhausted claim from the petition and proceed on his remaining exhausted claim. Petitioner's requests for an evidentiary hearing and the appointment of counsel are **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                /s/ Terence P. Kemp
                                United States Magistrate Judge
```